PEOPLE v. JOHNSON.

ASSAULT AND BATTERY—EVIDENCE—SUFFICIENCY.
> In a prosecution for assault with intent to do great bodily harm less than the crime of murder, evidence *held*, sufficient to sustain conviction.

Exceptions before judgment from Eaton; Smith

(Clement), J.    Submitted January 17, 1924.    (Docket No. 130.)    Decided March 5, 1924.

Roland Johnson was convicted of assault with intent to do great bodily harm less than the crime of murder. Affirmed.

*Joseph L. Hooper* and *Rosslyn L. Sowers*, for appellant.

*Andrew B. Dougherty*, Attorney General, and *Claude J. Marshall*, Prosecuting Attorney, for the people.

CLARK, C. J.    Defendant was convicted of assault with intent to do great bodily harm less than the crime of murder.    On exceptions before sentence, it is urged that the evidence was insufficient to raise an issue of fact for the jury, and that a verdict of not guilty, therefore, ought to have been directed, as requested. Defendant was employed as a barber in Charlotte. About 1 o'clock at night, the sheriff, Dilley, the city marshal, Payne, and the night watchman were at the barber shop because of a disturbance there.    Defendant had been drinking whisky and "white mule."    As to whether he was intoxicated, the testimony is conflicting.    The officers consented that he be taken to his home across the street on the promise that he would be quiet.    Soon after being taken to his home a disturbance started there.    The officers went there, a second story apartment, reached by a stairway from the street.    Upon a renewal of the promise, the officers left, went down the stairway, and stood near the doorway, at the foot of the stairs.    It was a light night. The officers testified that "they started in again making a racket," that defendant's wife said, "Don't go out there, they have not gone yet," and that defendant said, "I will shoot that Frank Payne, the ———." A door opened near the head of the stairs.    A light

shone in the hall.    A shot was fired.    There was evidence that the bullet, a 32 calibre, slivered the hand rail and a step of the stairs.    It was found near the street door.    The officers entered the apartment.    Defendant's hand was bleeding.    He was under a bed. Two 32 calibre cartridges were found under the bed, one stained by blood.    There was evidence from which it might be inferred that defendant cherished ill will toward Payne.    Without going into further details of the evidence, we think sufficient appears to make an issue for the jury and to sustain the verdict. No other questions require discussion.

Conviction affirmed.    Cause remanded for sentence.

McDONALD, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.